1
2
3
4                       UNITED STATES DISTRICT COURT
5                     NORTHERN DISTRICT OF CALIFORNIA
6
7    RANDALL SCOTT, et al.,
                                          Case No.  21-cv-06057-PJH
8                 Plaintiffs,
9          v.                             **ORDER GRANTING MOTION TO
                                          REMAND**
10   MARK WHITING,
                                          Re: Dkt. No. 14
11                Defendant.
12
13

14        Before the court is plaintiffs Randall and Shannon Scotts' motion to remand this

15   case to the Superior Court of California.  Defendant Mark Whiting filed a statement of

16   non-opposition to the motion.  The court finds that the motion is suitable for decision

17   without oral argument and VACATES the October 7, 2021, hearing.  Having read

18   plaintiffs' papers and carefully considered their arguments and the relevant legal

19   authority, the court GRANTS the motion for remand.

20                              **BACKGROUND**

21        On June 8, 2021, plaintiffs initiated this action against defendant in San Francisco

22   Superior Court.  Dkt. 1, Ex. A. (Compl.).  In their complaint, plaintiffs allege that

23   defendant's negligent operation of a motor vehicle in San Francisco led to an accident on

24   Lombard Street wherein plaintiff Randall Scott was seriously injured and his motorcycle

25   was damaged.  On August 5, 2021, defendant filed his answer to the complaint in San

26   Francisco Superior Court.  On the same day, defendant filed the notice of removal in this

27   court.

28        Defendant filed his notice of removal on the basis of diversity jurisdiction under

1  Title 28 U.S.C. § 1332.  Dkt. 1.  Defendant represented that he was a citizen of Hawaii.

2  Dkt. 1 at ¶ 8.

3        On August 24, 2021, plaintiffs filed the instant motion to remand, contesting that

4  defendant is a California citizen, not a resident of Hawaii, and there is thus no diversity

5  for purposes of jurisdiction. Dkt. 14.  On September 7, 2021, defendant filed a statement

6  of non-opposition to plaintiffs' motion to remand.  Dkt. 15.

**DISCUSSION**

**A.      Legal Standard**

        A federal district court has original jurisdiction over all civil actions where the

amount in controversy exceeds $75,000 and is between citizens of different states.  28

U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions

where the matter in controversy exceeds the sum or value of $75,000, exclusive of

interest and costs, and is between . . . citizens of different States").  As a general matter,

a defendant may remove an action to federal court if such court would have original

jurisdiction over such action.  28 U.S.C. § 1441(a) ("Except as otherwise expressly

provided by Act of Congress, any civil action brought in a State court of which the district

courts of the United States have original jurisdiction, may be removed by the defendant

or the defendants, to the district court of the United States for the district and division

embracing the place where such action is pending.").

        Title 28 U.S.C. § 1441(b)(2), however, provides that an action may not be

removed solely on diversity grounds if any served defendant to such action is a citizen of

the forum state.  28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the

basis of the jurisdiction under section 1332(a) of this title may not be removed if any of

the parties in interest properly joined and served as defendants is a citizen of the State in

which such action is brought."); Spencer v. U.S. Dist. Court for N. Dist. of Ca., 393 F.3d

867, 870 (9th Cir. 2004) ("It is thus clear that the presence of a local defendant at the

time removal is sought bars removal.") (citing Title 28 U.S.C. § 1441(b)).

United States District Court
Northern District of California

2

**B.     Analysis**

Here, defendant removed this action from San Francisco Superior Court in violation of Title 28 U.S.C. § 1441(b)(2), claiming to be a citizen of Hawaii.  Plaintiffs, however, provide a robust record demonstrating that defendant is, in fact, a resident and citizen of California based on (1) the San Francisco address of his vehicle registration, (2) his homeowners' tax exemption for his San Francisco residence at the same address, (3) his voter registration at the same address, (4) the San Francisco headquarters of the business he founded, and (5) his continued designation as the agent for service of process for eight business entities at his San Francisco business address.  Dkt. 14.  The court finds that this evidence, along with a lack of any evidence demonstrating defendant's Hawaii citizenship, is sufficient circumstantial evidence of defendant's California citizenship.  The defendant's statement of non-opposition to the motion to remand suggests the correctness of the court's conclusion that there is no diversity of citizenship supporting this court's subject matter jurisdiction and removal was not proper in the first instance.

**CONCLUSION**

For the above reasons, the court GRANTS plaintiffs' motion to remand.  The court directs the clerk to remand this action to the San Francisco County Superior Court.

**IT IS SO ORDERED.**

Dated: September 15, 2021

_/s/ Phyllis J. Hamilton_
PHYLLIS J. HAMILTON
United States District Judge